IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESIDENTS OF BAYVIEW HUNTERS POINT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LENNAR HOUSING DEVELOPMENT INC.,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　　　／ | No. C 07-04135 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**INTRODUCTION**

In this action alleging civil rights violations and violations of the Clean Air Act, defendant Lennar Housing Development moves to dismiss *pro se* plaintiff Eddie C. Welbon's complaint, brought on behalf of the citizens of Bayview and Hunters Point. Defendant has shown that plaintiff does not have standing to bring claims on behalf of others, and that defendant has not been properly served. After the matter was briefed, plaintiff obtained counsel and was given time to file further opposition. Instead, counsel simply asked for leave to file an amended complaint. In these circumstances, the best course of action is to rule on the pending motion and give plaintiff an opportunity to move to file an amended complaint. Accordingly, defendant's motion to dismiss is **GRANTED**, and these claims are **DISMISSED**.

**STATEMENT**

This action was filed on August 10, 2007, by Dr. Eddie C. Welbon, plaintiff *pro se*. It names approximately sixteen defendants, including businesses, city, state, and federal agencies,

as well as one thousand doe defendants. It also lists a number of public figures who are "given notices," including several United States senators and representatives, San Francisco city officials, former presidents and people running for political office. One of the named defendants is Lennar-BVHP, LLC, erroneously sued as "Lennar Housing Development, Inc." and "Lennar Bayview Hunters Point."

The complaint deals with alleged environmental pollution problems in the Bayview and Hunters Point areas of San Francisco. According to the civil cover sheet, Wellbon is bringing this action in his capacity as a private attorney general, as a class action on behalf of the residents of Bayview and Hunters Point, and as a prisoner's petition. It purports to bring a claim under 42 U.S.C. 1983 for the violation of the civil rights of people living in those neighborhoods (Compl. ¶ 1). It also appears to bring claims under California Proposition 65, the Clean Air Act, and several other California statutes dealing with air and water quality. In brief, the complaint alleges that various agencies have failed to properly clean up environmental pollution created by the Hunters Point Naval Shipyard, in large part because Bayview and Hunters Point residents are predominantly African-American.

An action alleging similar claims was filed on August 2, 2007, in San Francisco Superior Court. Before bringing that action, the plaintiff, Center for Self-Improvement and Community Development, a non-profit organization with facilities near the Hunters Point shipyard, gave notice to Lennar of its intent to file suit under Proposition 65. That action purports to represent the same class of citizens as this action (Vigo Decl. Exh. A, ¶ 8).

According to a proof of service, plaintiff attempted to serve defendant Lennar with the complaint at Four Embarcadero Center, 17th Floor, San Francisco, California (Foxworthy Decl. Exh. A). The proof of service does not designate the method of service. Lennar does not have an office or agent for service at that address, and people at that address did not recall receiving such a complaint (*id*. at ¶ 5).

**ANALYSIS**

Defendant moves to dismiss this action for several reasons. First, plaintiff failed to effect service on defendants. Second, Welbon lacks standing to bring this action. Finally,

1 plaintiff has failed to state a claim under Rule 12(b)(6). As the standing issue is dispositive, this
2 order need not address defendants' other arguments.

### 1. SERVICE.

Without proper service of process, a district court has no jurisdiction over a defendant, and the complaint must be dismissed. Fed. R. Civ. P. 4(c)(1). Here, Lennar has shown that plaintiff did not properly serve it with the complaint. Moreover, people at the address where plaintiff attempted service have no record of ever receiving the complaint (Foxworthy Decl. ¶ 5). Plaintiff asks that he be given another opportunity to serve defendants. Absent good cause, defendants must be served within 120 days of filing the complaint, or a district court can dismiss the action. Fed. R. Civ. P. 4(m). The complaint was filed on August 10, 2007, so plaintiff still had time to affect service, as of the motion date.

### 2. STANDING.

Initially, plaintiff purported to bring this action without obtaining counsel. A litigant may represent himself in federal court, however, a *pro se* plaintiff cannot represent the interests of third parties. *Johns v. City and County of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997). Plaintiff has since cured this problem by properly obtaining counsel in this class action suit. Nonetheless, plaintiff's counsel has yet to demonstrate that he can adequately represent the class and that plaintiff can be a proper lead plaintiff in the case. Welbon admits in his opposition to this motion that he does not live in Bayview or Hunters Point — he resides elsewhere in San Francisco (Opp. at 4). Welbon cannot assert claims on behalf of Bayview and Hunters Point residents because he cannot plead that he has suffered injury-in-fact. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Because he never lived in those areas, he cannot in good faith claim that he was injured by activities that took place there. He also cannot plead a claim on his own behalf. He could not show that he was injured there because he never resided there. Accordingly, Welbon cannot bring these claims on his own behalf or on behalf of the residents of Bayview and Hunters Point. Defendant's motion to dismiss is **GRANTED**.

**CONCLUSION**

For all of the above-stated reasons, defendant Lennar's motion to dismiss is **GRANTED**. Plaintiff's counsel is given until **DECEMBER 4, 2007 AT NOON** to file a motion seeking leave to file an amended complaint. The motion should include an appended copy of the proposed pleading and explain why the difficulties set forth above would be overcome. Any opposition to the motion should be filed by **DECEMBER 11, 2007 AT NOON** and any reply should be filed by **DECEMBER 18, 2007 AT NOON**. The matter will be deemed submitted without further motion required. Except as stated in this paragraph leave to amend is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 20, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4