IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESPANOLA JACKSON,

    Plaintiff,

v.

LENNAR CORPORATION, LENNAR-BVHP, LLC, LENNAR HOMES OF CALIFORNIA, INC., LENNAR COMMUNITIES, INC., LENNAR ASSOCIATES MANAGEMENT, INC., GORDON N. BALL, INC., TRIPLE A MACHINE SHOP, INC., UNITED STATES DEPARTMENT OF THE NAVY, DOE DEFENDANTS 1-30,

    Defendants.

No. C 07-04135 WHA

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AND EXTENDING TIME FOR SERVICE OF COMPLAINT**

**INTRODUCTION**

In this proposed class action alleging civil-rights violations and state-law claims for nuisance, negligence, and strict liability, plaintiff Espanola Jackson moves for leave to amend the complaint and to extend time for service of the complaint. Defendant has shown that this Court lacks subject-matter jurisdiction. Accordingly, plaintiff's motion for leave to amend the complaint and to extend time for service of the complaint is **DENIED**, and these claims are **DISMISSED**.

**STATEMENT**

This action was filed on August 10, 2007, by Dr. Eddie C. Welbon, plaintiff *pro se*. The original complaint named approximately sixteen defendants, including businesses, city, state,

and federal agencies, as well as one thousand doe defendants. It also listed a number of public figures who were "given notices," including several United States senators and representatives, San Francisco city officials, former presidents and people running for political office. One of the named defendants is Lennar-BVHP, LLC, erroneously sued as "Lennar Housing Development, Inc." and "Lennar Bayview Hunters Point."

The original complaint dealt with alleged environmental pollution problems in the Bayview and Hunters Point areas of San Francisco. An order dated November 7, 2007, approved the substitution of attorney William M. Simpich for Dr. Eddie C. Welbon acting in *pro se*. An order dated November 20, 2007, granted defendant Lennar's motion to dismiss on the grounds that Lennar was not properly served and that Welbon lacked standing to bring claims for alleged environmental violations in Bayview and Hunters Point because he was not a resident of those areas. The order granted plaintiff Jackson until December 4, 2007, to file a motion seeking leave to file an amended complaint, including a copy of the proposed pleading.

Plaintiff filed a motion for leave to amend the complaint and to extend time for service of the complaint on December 4. Plaintiff's proposed amended complaint substitutes Espanola Jackson, a resident of the Bayview-Hunters Point neighborhood (First Amd. Compl. ¶ 1), for Eddie C. Welbon as the representative plaintiff. The amended complaint purports to bring claims under 28 U.S.C. 1343 and 42 U.S.C. 1983 for the violation of the civil rights of people living in Bayview and Hunters Point (*ibid.*). Plaintiff bases her claims on state-law doctrines of nuisance, negligence, and strict liability, as well as federal law under the Price-Anderson Act. (*Id.* ¶ 15). In brief, the complaint alleges that various agencies have failed to properly clean up environmental pollution created by the Hunters Point Naval Shipyard.

An action alleging similar claims was filed on August 2, 2007, in San Francisco Superior Court. Before bringing that action, the plaintiff there, Center for Self-Improvement and Community Development, a non-profit organization with facilities near the Hunters Point shipyard, gave notice to Lennar of its intent to file suit under Proposition 65. That action purports to represent the same class of citizens as this action (Vigo Decl. Exh. A, ¶ 8).

## ANALYSIS

Defendant Lennar opposes the motion for leave to amend the complaint and to extend the time for service of the complaint on two grounds. *First*, amendment would be improper under Rule 15(a). *Second*, amendment would be futile based on a lack of subject-matter jurisdiction. As the subject-matter jurisdiction issue is dispositive, this order need not address defendant's other argument.

### 1. CLAIMS FOR CIVIL RIGHTS VIOLATIONS.

The amendment claims subject-matter jurisdiction based on alleged violations of the Civil Rights Act under Section 1343 and Section 1983. Defendant Lennar argues that these claims must be dismissed because the proposed complaint fails to assert a claim for violation of a constitutional right. Defendant Lennar is correct: the proposed amended complaint does not allege that defendants have violated any civil rights of the new plaintiff. Accordingly, the allegations for violations of Section 1343 and Section 1983 cannot serve as the basis for subject-matter jurisdiction.

### 2. CLAIM UNDER PRICE-ANDERSON ACT.

Plaintiff concedes defendant's point that the Price-Anderson Act, 42 U.S.C. 2011 *et seq.*, does not provide a basis for subject-matter jurisdiction, as the Price-Anderson Act does not apply to cases based solely on medical monitoring claims absent "present bodily injury" and plaintiff Jackson has not alleged any "present bodily injury" (Reply Br. 1). The Price-Anderson Act cannot serve as the basis for subject-matter jurisdiction.

### 3. DIVERSITY JURISDICTION AGAINST THE UNITED STATES NAVY.

Plaintiff claims that subject-matter jurisdiction exists on the basis of claims made against the United States Navy, a "diverse defendant," for violations of "federal law." (Reply Br. 2). Both plaintiff and defendant Lennar agree that a waiver of sovereign immunity under the Administrative Procedure Act requires an independent basis for subject-matter jurisdiction under *Staacke v. United States Secretary of Labor*, 841 F.2d 278, 282 (9th Cir. 1988) (Reply Br. 2; Opp. 6, n.5). *See Califano v. Sanders*, 430 U.S. 99, 106-07 & n.6 (1977). Plaintiff claims that subject-matter jurisdiction exists because the United States Navy would be a diverse defendant

for the purposes of diversity jurisdiction under 28 U.S.C. 1332. An agency of the federal government, however, is not a citizen of a state for purposes of determining diversity under 28 U.S.C. 1332 and thus the United States Navy is not a citizen of any state for diversity purposes. *Hancock Fin. Corp. v. Federal Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974). Accordingly, plaintiff's argument that diversity jurisdiction exists as between plaintiff Jackson, presumably a California citizen, and the United States Navy is **DENIED**.

## CONCLUSION

For all of the above-stated reasons, plaintiff's motion for leave to amend the complaint and to extend time for service of the complaint is **DENIED**. This ill-starred case is now at an end. Further amendment practice will not be allowed. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 9, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE